IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MERCEDES ZEDZIE,**

                                                Hon.
                                                Mag.
        Plaintiff,                           Case No.

v.

**FIRST NATIONAL COLLECTION
BUREAU, INC.**

        Defendant.

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, **MERCEDES ZEDZIE** ("Zedzie" or "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendant, **FIRST NATIONAL COLLECTION BUREAU, INC.** ("FNCB" or "Defendant") on the grounds set forth herein:

## I.   PRELIMINARY STATEMENT OUTLINING DEFENDANT'S ILLEGAL CONDUCT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2.

Plaintiff Zedzie is being pursued for a time barred debt she does not owe with payment options to settle the matter for less than what is owed while failing to inform her that any payment

resurrects or creates her alleged liability for the time barred debt in violation of § 1692e and § 1692e(2)(A) and § 1692f (1) and that is not expressly authorized by the original credit agreement.

3.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors seeking payment on debts that were in default when obtained for collection. *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) (noting that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, ***and as creditors if it was not.***").

## II. PARTIES

4.

Defendant FIRST NATIONAL COLLECTION BUREAU, INC is a State of Nevada corporation debt collector with a Michigan Resident Agent in East Lansing, Ingham County in the State of Michigan. Defendant's debt collection practice involves the use computer-generated, repetitive forms seeking to collect time barred and defaulted debt.

5.

Plaintiff Zedzie is a resident of Roseville, Macomb County, State of Michigan and considered a consumer under the FDCPA and RCPA

## III. JURISDICTION AND VENUE

6.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper

because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 7.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

### 8.

Hughes is a consumer. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

### 9.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

### 10.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendant FNCB is considered a debt collector collecting on behalf of Arches Financial, LLC. **Exhibit 1**.

### 11.

Defendant is communicating to Plaintiff that she can pay a discount on a time barred debt

without informing Plaintiff that the debt and statute of limitations will be resurrected with any kind of payment.

12.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

13.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

14.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

15.

Section 1692e provides: "A debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of

false, deceptive, and misleading collection practices and names a non-exhaustive list of certain

*per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among

the *per se* violations prohibited by that section are using any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer,

15 U.S.C. § 1692e (10).

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

### 16.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate

the collection practices of certain persons; to provide for the powers and duties of certain state

agencies; and to provide penalties and civil fines.

### 17.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or

thing of value arising out of an expressed or implied agreement or contract for a purchase made

primarily for personal, family, or household purposes.

### 18.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim

for collection or collecting or attempting to collect a claim owed or due or asserted to be owed

or due another, or repossessing or attempting to repossess a thing of value owed or due or

asserted to be owed or due another person, arising out of an expressed or implied agreement.

Collection agency includes a person representing himself or herself as a collection or

repossession agency or a person performing the activities of a collection agency, on behalf of

another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

19.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

20.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

21.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

22.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant FNCB is a regulated person under § 445.251(g)(xi),

23.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

## V. FACTUAL ALLEGATIONS

24.

On May 8, 2015 Plaintiff received a collection letter from Defendant FNCB stating that they were collecting a debt amount of $1,057.30 for the creditor client, Jefferson Capital Systems, LLC. **Please see Exhibit 1**. Ms. Zedzie had not received any other letter from the Defendant and the debt is time barred.

25.

The letter offered to settle the time barred debt for approximately 50% percent off the amount owed if she agreed to make six monthly payments totaling $442.92 "starting on 06/05/15. (28 days)." **Exhibit 1**. Future payments are "not to be more than 30 days apart or the settlement may be cancelled." **Exhibit 1**.

26.

Michigan's "borrowing statute," MCL 600.5861; MSA 27A.5861 specifically states that Florida's Breach of Contract Statute of Limitations (Five Years) applies here as the Zedzie debt was created and breached in the State of Florida.

27.

Michigan's borrowing statute, MCL 600.5861; MSA 27A.5861, provides in relevant part:

An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of *either* this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. [Emphasis added.]

The Statute of Limitations on a breach contract in Florida is five years pursuant to Fl. St. 95.11(1)(b).

28.

FNCB is seeking to collect on a debt from Ms. Zedzie without disclosing to him that the debt was outside the statute of limitations and time barred.

29.

The debt was alleged to be owed to Jefferson Capital Systems, LLC and FSB by the Plaintiff for personal, family or household purposes and was therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a (5).

30.

The letter at **Exhibit 1** seeks to settle the debt with payment options and implies through the settlement offer that time is of the essence (30 days) while failing to supply information to Plaintiff that time has run out on the debt and making a payment would start the expired Statute of Limitations again.

31.

The offer of a settlement on a time barred debt is misleading and in violation of the

FDCPA. See *Buchanan v Northland Group Inc.*, 776 F.3d 393 (6th Cir. 2015) and *McMahon v*

*LVNV Funding, LLC*, 744 F. 3d 1010 (7th Cir. 2014).

32.

15 U.S.C. § 1692e provides that:

A debt collector may not use any false, deceptive, or misleading representation or means in
connection with the collection of any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:

    **(2)** The false representation of—
        **(A)**the character, amount, or legal status of any debt; or
        **(B)**any services rendered or compensation which may be lawfully received by any
        debt collector for the collection of a debt.
    **(5)** The threat to take any action that cannot legally be taken or that is not intended to be
taken.
    **(10)** The use of any false representation or deceptive means to collect or attempt to
    collect any debt or to obtain information concerning a consumer.

33.

The debt was created by Ms. Zedzie in the State of Florida and also breached while Ms.

Zedzie was a resident of Florida.   Ms. Zedzie had not made payments on the debt within five

years up to the date of the receipt of the letter.

34.

Ms. Zedzie' s credit history shows no payments made in over five years up to the date

of receiving the debt collection letter from FNCB:

TRIBUTE #772313010070****
POB 105555
ATLANTA, GA 30348-5555
Phone number not available
**Date Opened: 10/04/2006**

Responsibility: Individual Account
Account Type: Revolving Account
Loan Type: CREDIT CARD
Balance: $0
Date Updated: 04/01/2015
Payment Received: $0
**Last Payment Made: 12/07/2009**
High Balance: $1,057
Credit Limit: $950
Pay Status: Current; Paid or Paying as
Agreed
Terms: Paid Monthly
Date Closed: 04/12/2010
Date Paid: 12/07/2009
Remarks: CLOSED BY CREDIT GRANTOR; CLOSED

35.

Further, 15 U.S.C. § 1692g provides that:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

(4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

(5) *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g – Validation of debts.*

36.

Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the validation and dispute rights of the debtor and the amount of the debt to allow consumers to respond to the initial communication of a collection agency within 30 days. The Letter at **Exhibit 1** is crafted to avoid providing the validation and dispute rights, true amount of debt owed to the debt collector within 30 days in violation of § 1692g(a)(3), (4) and (5).

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

37.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.  Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a time barred debt with **Exhibit 1**; and

b.  Defendant collected on the debt and violated 15 U.S.C. 1692f (1) with the collection of an unauthorized amount without authorization by the agreement creating the debt or permitted by law at **Exhibit 1**; and

c.  The Defendant's written communications are false, deceptive, and misleading in that these communications disguise time barred debts with offers to pay discounted amounts to create a debt that did not previously exist or was owed using **Exhibit 1** in violation of 15 U.S.C. §1692e (10); and

d.  Defendant violated 15 U.S.C. 1692e(2)(A) with the use of false, deceptive or misleading representations in connection with collecting a debt with the false representation of the character, amount and legal status of the time barred debt as mentioned above; and

e.  Defendants violated 15 U.S.C. 1692g (4) and (5) by failing to provide the Plaintiff's

validation and dispute rights within five days of the initial contact with Ms. Zedzie at

**Exhibit 1**.

      **Wherefore,** Plaintiff seeks judgment against Defendant for:

a.     Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and;

c.     Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

38.

      Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.     Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (**Exhibit 1**) as mentioned above;

b.     Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at (**Exhibit 1**); and

c.     Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

    (i)     The legal status of a legal action being taken or threatened.

    (ii)     The legal rights of the creditor or debtor at (**Exhibit 1**);

d.     Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing to seek unauthorized advances not

authorized under the mortgage contract of Michigan Consumers for six years through forms at (**Exhibit 1**).

**Wherefore,** Plaintiff seeks judgment against Defendants for:

a.  Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b.  Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendant from using (**Exhibit 1**) which violates Michigan law; and

c.  Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

## VII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

March 21, 2016

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

# Exhibit 1



First
National
Collection
Bureau, Inc.

610 Waltham Way
Sparks, NV 89434

(800) 824-6191

May 08, 2015

Office Hours:
Mon. - Fri. 6 A.M. - 6 P.M.
Sat. 6 A.M. - 12 NOON
Pacific Standard Time

*Please remit all corresponden
to the above address



Dept. # 21377
PO Box 1259
Oaks, PA 19456

ADDRESS SERVICE REQUESTED

 

MERCEDES GAILLARD
2~760 ROBERTA ST
ROSEVILLE MI 48066-325~

21298 - 22685

Creditor: JEFFERSON CAPITAL SYSTEMS, LLC
Original Creditor: FIRST BANK OF DELAWARE
Original Account #: 100702501
Ref #: 072881519
Total Due: $1,057.30

SETTLEMENT OFFER
60% OFF YOUR DEBT
40% IN 6 PAYMENTS

Our client JEFFERSON CAPITAL SYSTEMS, LLC is offering you a settlement of $422.92 in 6 payments over 6 months starting on 06/05/15. (28 days)
Once payments of $70.49 have been paid to our office on time, we will consider this account settled in full.
Payments may not be more than 30 days apart or this settlement may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon.
This settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter. If we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety.
If you wish to speak with a representative please call (800) 824-6191.


Sincerely,

First National Collection Bureau, Inc.
(800) 824-6191

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---

| IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW | |
|---|---|
| ☐ VISA **VISA** | ☐ MASTERCARD |
| CARD NUMBER | MUST INCLUDE SECURITY CODE FROM BACK OF CARD |
| SIGNATURE | EXP. DATE | AMOUNT |
| PRINTED NAME | I AUTHORIZE CREDIT CARD PAYMENT FOR AMOUNT SHOWN BELOW |

**For your convenience, if you would like to make your payment online, visit our website at www.fncbinc.com.**

- - - - - - - - - - Detach Coupons And Mail Payment - - - - - - - - - -

| 1 OF 6 | 2 OF 6 | 3 OF 6 |
|---|---|---|
| Ref #: 072881519 | Ref #: 072881519 | Ref #: 072881519 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. |
| PO BOX 51660 | PO BOX 51660 | PO BOX 51660 |
| SPARKS, NV 89435 | SPARKS, NV 89435 | SPARKS, NV 89435 |
| PAYMENT AMT - $70.49 | PAYMENT AMT - $70.49 | PAYMENT AMT - $70.49 |
| DUE DATE - 06/05/15 | DUE DATE - 07/05/15 | DUE DATE - 08/04/15 |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT |
| 4 OF 6 | 5 OF 6 | 6 OF 6 |
| Ref #: 072881519 | Ref #: 072881519 | Ref #: 072881519 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. |
| PO BOX 51660 | PO BOX 51660 | PO BOX 51660 |
| SPARKS, NV 89435 | SPARKS, NV 89435 | SPARKS, NV 89435 |
| PAYMENT AMT - $70.49 | PAYMENT AMT - $70.49 | PAYMENT AMT - $70.49 |
| DUE DATE - 09/03/15 | DUE DATE - 10/03/15 | DUE DATE - 11/02/15 |
| DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT | DETACH COUPONS AND MAIL PAYMENT |

1 of 1

21298-A46-22685

